UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
AT FRESNO

| | | |
|---|---|---|
| USA | ) | 1:06-sw-00147 LJO |
|     Plaintiff, | ) | |
| vs. | ) | **DECISION ON MOTION FOR RETURN OF PROPERTY** |
| IN THE MATTER OF THE SEARCH OF 1521 FRUITLAND AVENUE ATWATER, CALIFORNIA | ) ) ) | |
|     Defendant. | ) | |

PROCEDURAL BACKGROUND

On June 7, 2006, this Court issue a search warrant for the property at 1521 Fruitland Avenue, Atwater, California.  After the Government executed the warrant, it inventoried and filed the search warrant return on June 8, 2006.

The instant motion for the return of the property was filed July 3, 2006.

REPRESENTATIVES

Movant: In Pro Se

I.R.S.: Assistant U.S. Attorney Virna L. Santos

PARTIES' ARGUMENTS AND ANALYSIS

Applicant moves pursuant to Federal Rules of Criminal Procedure Rule 41(g): "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property

was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." While the note refers to Rule 41(e), it is clear on the face of the moving papers that the incorrect section is referenced.

The basis of the motion are:

1. The owners of the property are aggrieved by the Government's continued possession of seized property.

2. The warrant was over broad and invalid.

3. The warrant was unlawfully executed.

The Government opposes the motion on the following basis: the moving party has failed to meet the requirements to justify the Court's equitable discretionary jurisdiction at this pre indictment stage of the case. More specifically, the Government argues that there is no showing that the moving party will suffer irreparable harm, that the moving party has an adequate remedy of the law, and there is an absence of showing that the Government acted with callous disregard of the movant's rights.

## DECISION

The Court focuses the movant on the declaration of I.R.S. Special Agent Michele Casarez dated August 28, 2006, at page 2, paragraph 5. The Government appears willing to return property no longer needed for the continued investigation. Movant simply needs to contact the U.S. Attorneys Office. Based on this enacted upon invitation, the Court is unable to determine whether or note there exists a controversy to determine whether there is a deprivation of property.

In addition, there is nothing before this Court to indicate that

the search and seizure of property was unlawful.

Finally, before this Court is a request to assume civil equitable jurisdiction (Ramsden vs United States, 2 F.3d 322, 324 (9th Circuit 1993). There is an absence of prerequisites for the Court to assume equitable jurisdiction.

The Motion is DENIED.

IT IS SO ORDERED.

IT IS SO ORDERED.

**Dated:   October 23, 2006                /s/ Lawrence J. O'Neill**
b9ed48                                   UNITED STATES MAGISTRATE JUDGE